Entered on Docket
March 05, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

Signed: March 04, 2010

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                               No. 09-49461 EDJ
Adv. No. 09-4584 AJ

KERMIT DOUGLAS BROOMS,

                 Debtor. /

BRIAN M. CARTER,

                 Plaintiff,
vs.

KERMIT DOUGLAS BROOMS,

               Defendant. /

## DECISION

This court is faced with a situation where Brian M. Carter ("Carter"), the above plaintiff, may or may not be the real party in interest, and may or may not be engaged in the illegal practice of law. The uncertainty arises because Carter refuses to comply with an order of this court designed to determine the answers. The court will provide Carter with a final opportunity to comply. Absent compliance, the court will either dismiss this adversary proceeding or enter judgment on the merits against Carter.

Decision

Carter does business under the name of "Discovery Judgment Center." Carter is not an attorney. But Carter is the purported assignee of a prebankruptcy judgment in the sum of $525,000 plus interest and fees. The judgment was entered by the California Superior Court (as a sister state judgment from the State of Nevada) in favor of an individual named Erika Jorgenson against Kermit Douglas Brooms, the above debtor ("Brooms"), and others.

On October 7, 2009, Brooms filed a voluntary petition herein under chapter 7 of the Bankruptcy Code. On December 18, 2009, Carter, representing himself, filed a complaint commencing an adversary proceeding against Brooms alleging that Carter is the holder of the above-referenced judgment and that Brooms's debt to him is nondischargeable herein pursuant to Bankruptcy Code § 523(a)(19) (violation of state or federal securities laws, or fraud in connection with the purchase or sale of a security).[1]

---

[1] Bankruptcy Code § 523(a)(19) provides, in relevant part:
(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—
(19) that—
(A) is for—
(i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
(ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
(B) results, before, on, or after the date on which the petition was filed, from—
(i) any judgment, order, consent order, or decree entered in any
(continued...)

Decision 2

On February 8, 2010, a status conference was held in the adversary proceeding. At the status conference, the court raised the issues of whether Carter was the real party in interest, and whether the original judgment creditor retained any interest in the assigned judgment such as to preclude Carter from representing her.

The court raised these issues because of well established rules designed to protect the public and facilitate the smooth flow of business in the federal courts, and because lay litigants lack many of the ethical responsibilities of an attorney. See Jones v. Niagara Frontier Trans. Auth., 722 F.2d 20, 22 (2d Cir. 1983).

Under these rules, in federal courts an individual who is not an attorney may appear in propria persona in his or her own behalf. 28 U.S.C. § 1654.[2] But an individual who is not an attorney may not appear to represent others. 28 U.S.C. § 1654; C.E. Pope Equity Trust v. United States, 818 F.2d 696 (9th Cir. 1987).

---

[1](...continued)
Federal or State judicial or administrative proceeding; (ii) any settlement agreement entered into by the debtor; or (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

[2]28 U.S.C. § 1654 provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

Decision                              3

And significantly for present purposes, litigants may not circumvent the foregoing rules through a purported assignment of claims.  See, e.g., Palazzo v. Gulf Oil Corp., 764 F.2d 1381 (11th Cir. 1985); Jones v. Niagara Frontier Trans. Auth., 722 F.2d 20, 22 (2d Cir. 1983); Bischoff v. Waldorf, 660 F.Supp.2d 815, and cases collected therein at 820-821 (E.D. Mich. 2009); In re Heal, 2009 WL 4510128 (Bankr. N.D.Cal. 2009).

In Thomas v. Thomas, 387 B.R. 808, 815-16 (D. Colorado 2008), for example, the court affirmed the bankruptcy court's dismissal of a nondischargeability action brought by an assignee under circumstances where the assignment appeared absolute on its face, but where the assignee agreed to share a portion of the proceeds of recovery with the assignors.  The court concluded that under applicable state law, the claims at issue were not assignable for collection purposes on a contingency fee basis.  However, as an alternate holding, the court stated:

> Further, Assignee's actions may also be considered to be the unlawful practice of law.  Under the terms of the assignments, Assignee promises to share the proceeds of his recovery with the assigning subcontractors.  Accordingly, he is still acting in a representative capacity to some extent and not exclusively on his own behalf.  It is well established that although a natural person may represent himself or herself in court, a business entity must be represented by counsel.  There is significant authority from other jurisdictions demonstrating that courts will look past the legal title to determine whether a pro se purported assignee is circumventing rules and statutes requiring that corporations be represented by counsel in legal proceedings.

Thomas, 387 B.R. at 815-16.  (Internal citations omitted.)  See also Fed. R. Civ. P. 17(a), applicable herein via Fed. R. Bankr. P. 7017,

Decision  4

providing that every action "must be prosecuted in the name of the real party in interest."

With the foregoing principles in mind, on February 10, 2010, this court issued a Status Conference Order (hereafter, the "Status Conference Order") which provided, in relevant part:

> 1. Plaintiff shall, within ten days from entry of this order, file evidence of assignment to him of the obligation owned by Kermit Brooms, the above named debtor; plaintiff shall also file evidence of the consideration for such assignment and the terms of such assignment.
>
> 2. Failure of plaintiff to comply with the requirements of paragraph 1 of this order shall result in dismissal of this proceeding, with prejudice.
>
> 3. Upon review of the documents mentioned in paragraph 1, above, the court will determine whether and how this adversary proceeding is to proceed.

In response to the Status Conference Order, Carter filed a Supplemental Brief and Declaration setting forth what Carter considers to be legal authorities for the proposition that he need not comply with the Status Conference Order. Carter provided the court with a copy of the original judgment creditor's Acknowledgment of Assignment of Judgment, executed pursuant to Cal. Civ. Proc. Code § 673, but refused to provide the court with a copy of the Agreement of Assignment of which the Acknowledgment is a part (see the Acknowledgment, paragraph 9).

Carter also refused to disclose the consideration he paid, if any, for the assignment, and whether the original judgment creditor, his assignor, retains any financial interest in the judgment or in the outcome of the adversary proceeding.

Decision 5

It is true that assignees of claims generally have standing in bankruptcy cases, including standing to prosecute objections to the dischargeability of a particular debt, <u>In re Boyajian</u>, 564 F.3d 1088 (9th Cir. 2009), or to a debtor's general discharge, <u>In re Ota</u>, 192 B.R. 545 (9th Cir. BAP 1996). However, this does not mean that individuals may, through the device of an assignment, avoid compliance with the court's rules regarding legal representation or ignore with impunity court orders designed to enforce those rules or to determine whether they are being violated.

As a consequence of Carter's refusal to comply with the Status Conference Order, this court cannot ascertain whether Carter is the real party in interest, Fed. R. Bank. P. 7017, whether he is engaging in the illegal practice of law by providing legal representation to another person, or whether the assignment is nothing other than a device to thwart 28 U.S.C. § 1654 and the rules of this court.

Federal Rule 16(f)(1)(C), applicable herein via Fed. R. Bankr. P. 7016 provides, in relevant part: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii) - (vii), . . . if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Among the remedies authorized are dismissal or entry of a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(v)-(vi), applicable via Fed. R. Civ. P. 16(f)(1)(C). <u>See also</u> <u>C.E. Pope Equity Trust v. United States</u>, 818 F.2d 696, 697 (9th Cir. 1987).

Decision 6

Thus, dismissal of this adversary proceeding or entry of judgment against Carter is an available remedy herein based on his noncompliance with the Status Conference Order. Even so, the court will issue its order providing Carter with one last opportunity to avoid such action. But absent Carter's full, timely, and good faith compliance with the order filed herewith, this court will dismiss this adversary proceeding or enter judgment against Carter on the merits.

**END OF ORDER**

Decision 7

```
1                           COURT SERVICE LIST

2   Brian M. Carter
    249 W. Jackson Street #475
3   Hayward, CA 94544

4   Kermit Douglas Brooms
    P.O. Box 99024
5   Emeryville, CA 94662

6   Office of the U.S. Trustee
    1301 Clay Street, Suite 690-N
7   Oakland, CA 94612
```

Decision                                8